Murray v. Johnson.

# INTOXICATING LIQUORS.

Marvin, Winch and Henry, JJ.

ROY MURRAY v. TOM L. JOHNSON, MAYOR.

**Absence of Complete Bill of Exceptions Prevents Review of Action on Jones Law Petition.**

No review of the finding of the mayor on the merits of the case, in passing upon a Jones law petition can be had, where the bill of exceptions does not contain all of the evidence adduced before the mayor.

[Syllabus by the court.]

ERROR.

*W. B. Wheeler* and *K. F. Leet,* for plaintiff in error.

*Max Meisel, George Shaw·* and *H. F. Payer,* for defendant in error.

WINCH, J.

This action is brought to review the actions of the mayor of the city of Cleveland in granting a "wet" petition under the Jones law, for certain territory now within the city of Cleveland, but formerly in the city of Glenville, which, before its annexation, went "dry" at an election held under the Beal law.

We regret that the merits of the controversy can not be settled in this action, because we have no sufficient bill of exceptions exhibiting all the evidence adduced before the mayor.

The jurisdiction of the mayor to hear and determine the petition presented to him depended upon the facts shown as to said Beal election in Glenville and the subsequent annexation of that city to the city of Cleveland, for there was no controversy as to the sufficiency of the petition in itself on its face.

It is claimed that all the facts represented to the mayor were included in an agreed statement of facts submitted to him, but we have no certificate from the mayor to that effect. All that has been presented to this court is a document purporting to be a "record of hearing and agreed statement of fact, Local Option law." This document we have treated as a transcript and also as a bill of exceptions.

35 O. A. & C. Vol. 38.

"The following is a correct copy of the boundaries of said district and the proceedings had thereon."

Then follows a copy of a notice of public hearing, copy of docket entries, showing that Mr. Williamson filed objections and C. A. Leisher filed an affidavit and that a statement of facts. agreed upon was filed. Then follows a copy of the agreed statement of facts and after that a communication from the mayor to the city clerk, certifying that he had examined at a public hearing, duly announced, "the petition attached hereto," filed July 29, 1907, "and find on August 26, 1907, that the said petition is sufficient." Said petition is not attached, as certified.

The last entry in this bill of exceptions is as follows:

"The above and foregoing is a true and correct copy and transcript of the record and agreed statement of facts in the hearing upon the aforesaid petition, and said transcript and record of said hearing is hereby approved, signed, sealed and made a part of the record in this case, all of which is correctly done this 5th day of September, A. D. 1907."

It will be noticed that there is no certificate that this bill of exceptions contains all the evidence given and offered at the hearing; it does not state that the agreed statement of facts was used in evidence, nor. that the same was all the evidence received. It simply shows that the agreed statement of facts was filed, as was also an affidavit and certain objections, the contents of which are not divulged, but which may also have been offered in evidence.

Indeed the communication from the mayor to the city clerk would indicate that all the mayor did was to examine the petition itself, which he found sufficient, apparently upon inspection, without other evidence being adduced before him.

The only error complained of depending upon the facts presented to the mayor and there being no bill of exceptions showing said facts, we can not review his action in this proceeding. Hence it would be useless to allow a petition in error to be filed, and therefore, the motion for leave to file a petition in error in this case is overruled.

**Henry** and **Marvin, JJ.,** concur.